UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESAM ABDELZAHER,<br><br>                    Plaintiff,<br><br>-against-<br><br>MATTHEW BRIDGE; GOOGLE LLC,<br><br>                    Defendants. | 25-CV-8259 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action under the court's diversity of citizenship jurisdiction, alleging that Defendants caused him emotional distress when they sent him a cease-and-desist letter. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Venue for Plaintiff's clams, which arise under state law, is governed by the general venue statute, 28 U.S.C. § 1391(b). Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant Bridge resides in Woodstock, Georgia, and that Defendant Google LLC is located in Peachtree Corners, Georgia. Because Plaintiff does not allege that any defendant resides in a county within this district or the State of New York, venue in this district is improper under Section 1391(b)(1).

Plaintiff alleges that Defendants caused him emotional distress when they sent him a cease-and-desist letter. The injury giving rise to Plaintiff's claims likely occurred at his residence in Brooklyn, Kings County, New York, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Plaintiff alleges no facts suggesting that the events giving rise to his claims occurred in this district, venue is improper in this district under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff sues Defendants who reside in Gwinnett and Cherokee Counties, Georgia, he could have filed this case in the Northern District of Georgia. See 28 U.S.C § 90. To the extent the events giving rise to Plaintiff's claims occurred at his residence in Brooklyn, New York, he also could have filed this case in the Eastern District of New York. The Court concludes, however, that this action should be transferred, in the interest of justice, to the Northern District of Georgia, because Defendants reside in that district and took actions in that district, and because documents and witnesses are likely located in that district. The Court therefore transfers this action to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further

2

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 15, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge